# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT of APPEALS CASES

### 207
### BLACKETT v. GUARDIAN SAVINGS AND TRUST CO.
Ohio Court of Appeals, Cuyahoga County
No. 4137. Feb. 8, 1923

This opinion has not been published except in Abstract.

CONTRACT—(1) Several liability of bank—(2) Conclusion from undisputed facts—(3) Waiver of time of performance—(4) Meaning of F. A. S.

Epitomized Opinion

Error to Cuyahoga Court of Common Pleas

MAUCK, J.:

The Sargent Co., of which Blackett subsequently became trustee in bankruptcy, agreed to sell to the Grant-Hughes Co., of London, a quantity of rosin, "F. A. S. Savannah Ga., rosin to be placed on board steamer when space could be secured." The Guardian Co. in a letter to Sargent notified him of arrangements by the G.-H. Co. of credits according to certain terms, among which was the provision that an invoice, weight notes, and ocean bill of lading should be presented with the draft covering shipments. The letter closed with the sentence, "As agreed you will carry the immediate shipments until steamer space can be secured." Blackett attempts to make the Guardian Co. a party to the contract and also claims that the sentence quoted above, as well as a cablegram for the G.-H. Co., requesting an extension of time, amounted to a waiver of the time of performance. The question becomes material as to which of the parties should furnish the ship and as to the exact meaning of the letters F. A. S. Held by the Court of Appeals, in affirming a judgment for the Trust Co.:

1. The liability of a bank promising to honor drafts presented in payment of goods bought under a contract is clearly several and does not extend to the said contract.

2. No statement of a bank not the agent of a party to a contract can be construed as a waiver by the party of time of performance. A request by the party of an extension of time is not a waiver if the request is refused.

3. Use of the letters F. A. S. does not determine which of the parties to a contract should furnish the ship.

4. Conditions of a contract requiring one party to furnish documents possible only when a ship has been engaged. indicate that such party was obliged to furnish the ship.

Attorneys—Stearns, Chamberlain & Royon, for Blackett; Prayer, Winch, Minshall & Karch and Squire, Sanders & Dempsey, for the Guardian Co.

### 208
### SMYTHE v. EPSTEIN
Ohio Court of Appeals, Cuyahoga County
No. 4037. Nov. 15, 1922

This opinion has not been published except in Abstract

LEASE—(1) Verdict of jury is notice to lessee of default of—(2) Acceptance of rent not a waiver of time of performance of—(3) Measure of damages for breach determined by the lease of—(4) Interest on damages may be charged.

INGERSOLL, J.:

Epitomized Opinion

Error to Cuyahoga County Court of Common Pleas

Epstein, in 1912, leased to Smythe certain property for 99 years, one of the covenants of the lease providing that Smythe should, before the expiration of five years from the making of the lease, have ex- pended $3,000 in permanent improvements. The lease further provided that Smythe might assign the lease and be relieved of liability for rent, taxes, etc., bu if the provision concerning the permanent improve ments were not complied with Smythe's liabilit should not be terminated. Smythe assigned the leas and it was thereafter assigned several times until on Burke in 1919 defaulted in payment of taxes, ren etc. The evidence showed that the improvemen covenant had not been complied with and that Smyth had been notified of this non-performance on tw occasions. Epstein recovered $3,000 in Common Plea Court. Smythe declares that he did not have su ficient notice of the default, that Epstein's accept ance of rent after expiration of time of performanc waived time of performance of the contract, tha Epstein was entitled to only nominal damages an that the court erred in allowing interest to be charge on the $3,000, which was an unliquidated sum, sinc no date was fixed when it was to be paid.

Held by Court of Appeals in affirming judgmen for Epstein:

1. A verdict for lessor by a jury properly in structed is conclusive that notice was given lessee non-performance of a covenant of the lease.

2. Acceptance of rent by a lessor after the ex piration of time of performance of a covenant in lease does not waive the time of performance.

3. Damages for non-performance of a contract lease are determined by the provisions of the leas itself. Damages for failure to make improvement costing $3,000 are properly fixed at $3,000.

4. Damages will be considered as liquidated at th expiration of the time for performance of the con tract for which damages were awarded, as provide in the contract and interest may properly be charge on the sum from such time.

Attorneys—Wilkin, Cross & Daoust, for Smyth Cook, McGowan, Foote, Bushnell & Lamb, for E stein.